# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 4:14-CR-081 (12) |
| | § | Judge Mazzant |
| | § | |
| IGNACIO AGUILAR-CARDENAS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #660). Having considered the motion and the applicable law, the Court finds that the motion will be **DENIED.**

### BACKGROUND

On July 28, 2015, Defendant Ignacio Aguilar-Cardenas ("Aguilar-Cardenas") pleaded guilty to Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Dkt. #614). Because he pleaded guilty without a plea agreement two days before trial, the Court informed him he would not receive acceptance of responsibility points (Dkt. #530). On March 7, 2016, the Court sentenced Aguilar-Cardenas to life in prison (Dkt. #541). Aguilar-Cardenas is currently serving his life sentence at USP Atwater in California. *See* https://www.bop.gov/inmateloc/ (Register Number: 22736-078).

Aguilar-Cardenas' pending motion appears similar to two earlier motions he filed in 2021, where he requested a reduction in sentence (Dkts. #620, #645). Consistent with the earlier motions, Aguilar-Cardenas references sentencing guideline disparities; claims to have played a "minor" role in the instant offense; refers to his acceptance of responsibility prior to sentencing; and provides details of rehabilitation and hard work while incarcerated.

The Court notes that the current motion differs slightly from the earlier requests, as Aguilar-Cardenas claims that his mother is suffering from "multiple medical maladies," yet he does not provide further insight (Dkt. #660 at p. 25). Defendant further acknowledges that his siblings assist periodically in providing a degree of care for his mother but that "they have families of their own to care for in the United States" (Dkt. #660 at p. 25). However, because the subject-matter is essentially the same in this request as the earlier two motions—whether his sentence is severe and if that constitutes "extraordinary and compelling" reasons—the Court will construe Aguilar-Cardenas' motion as a motion for reconsideration.

## ANALYSIS

When analyzing the merits of Aguilar-Cardenas' motion based on family circumstances, the Court is sympathetic to the Defendant's position, but his situation does not rise to the level of extraordinary and compelling reasons. The reality is that "[m]any, if not all inmates, have aging and sick" family members and Aguilar-Cardenas is not the "only available caregiver" for his mother. *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019); *United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020). Under the plain language of the Sentencing Commission's commentary, care for a family member is not a qualifying basis for early release. U.S.S.G § 1B1.13 cmt. n.1. However, even if the Court would allow Aguilar-Cardenas to pass the threshold of allowing a parent to qualify as an extraordinary and compelling reason for compassionate release, Aguilar-Cardenas would not qualify as the "only available caregiver" as defined by other courts in this circuit. *See Hudec*, 2020 WL 4925675, at *5; *United States v. Tucker*, No. 3:14-CR-367, 2021 WL 977100, at *2 (N.D. Tex. Mar. 15, 2021). In *Hudec*, the court recognized that someone was currently caring for the defendant's father and that the defendant had two brothers as well. 2020 WL 4925675, at *5.

Based on those facts, the court concluded that the defendant was not the "only available caregiver." *Id.*

Here, nothing provided shows that Aguilar-Cardenas' other family members could not care for Aguilar-Cardenas' mother, as distance will not be a sufficient reason. *See United States v. Lynch*, No. 4:15-CR-012, 2022 WL 2671769, at *5 (E.D. Tex. July 11, 2022) (finding that "no other family member has accepted the responsibility" is much different than "no family member could" be the caregiver). Accordingly, the Court will deny Aguilar-Cardenas' argument, and Aguilar-Cardenas' motion for reconsideration will be ultimately denied.

All of the other claims and factors regarding his sentence and achievements while in custody were previously addressed in the Court's order (Dkt. #651), which the Court incorporates herein. Defendant's newly filed motion provides no additional basis in law or in fact that would qualify him for early release. The Court stands by its previous Order (Dkt. #651).

The Court will also note that although it did not address the factors identified at 18 U.S.C. § 3553(a) in its previous order, the Court will deny Aguilar-Cardenas' motion on those grounds as well. After considering the applicable factors provided in 18 U.S.C. § 3353(a), the Court will deny the request for a sentence reduction on the merits.

## CONCLUSION

It is hereby **ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #660) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 30th day of June, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE